```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


FLOYD P. DONLEY                              CIVIL ACTION

VERSUS                                       NO: 09-6422

ALLEN ORDENEAUX ET AL                        SECTION: J(2)
```

**ORDER**

Before the Court is Defendant Jason Schwebel's **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 9)** and Plaintiff's **Reply Memorandum in Opposition (Rec. Doc. 12).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff, Floyd P. Donley, filed this suit, *pro se*, alleging that he had an encounter with officers of the Amite City Police Department and a member of the Tangipahoa Fire Department at Hudson's Dirt Cheap Store ("Hudson's") in Amite, Louisiana. According to Plaintiff, on or about September 24, 2008, he went to the Hudson's Amite location to follow up on contacts he made with the company's main office regarding the Amite location's alleged safety hazards that Plaintiff believed placed the general public in danger. Plaintiff alleges that when he arrived at Hudson's, he planned to photograph the safety hazards; however, he was met with resistance from the store's manager, security

guard, and other personnel.  Plaintiff was then allegedly restrained by the one of the aforementioned employees and a call was placed to the City of Amite Police Department ("APD"), which dispatched officers to the store.  Also, while Plaintiff was being restrained by the store employee, Plaintiff complained of chest pains.  As a result, the APD also dispatched an emergency medical technician ("EMT") and an ambulance to the store.

Plaintiff alleges that upon arrival of the officers to Hudson's, he was intimidated, assaulted, handcuffed, physically restrained, and injured.  Plaintiff further alleges that upon the arrival of the EMT, Jason Schwebel, Schwebel knowingly falsified the Emergency Service Report ("ESR") to indicate that Plaintiff was lying on the floor when Schwebel arrived.  Plaintiff also alleges that Schwebel's ESR omits the fact that Plaintiff was handcuffed at the time of Schwebel's arrival and that the officers were in possession of Plaintiff's wallet.

In Plaintiff's complaint, Plaintiff alleges that Schwebel's actions violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, all in violation of 18 U.S.C. §§ 241 and 242.  Schwebel has in turn filed this motion to dismiss, pursuant to Rule 12(b)(6), claiming that Plaintiff failed to state an actionable claim.

## DISCUSSION

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when

deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff.  <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

In Plaintiff's original complaint, he attempted to bring a personal action under 18 U.S.C. §§ 241 and 242.  As stated in Defendant's motion to dismiss, these statutes do not allow personal actions.  However, after Defendant filed the current motion to dismiss, Plaintiff amended his complaint.  In the amended complaint, Plaintiff alleges that Schwebel violated 42 U.S.C. § 1983 when Schwebel, acting under the color of law, willfully violated Plaintiff's constitutional right to be free from false testimony.

To bring a valid § 1983 action, a Plaintiff must (1) allege the violation of a right secured by the Constitution of the United States, and (2) show that the alleged deprivation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted).

Plaintiff alleges that Schwebel violated his constitutional right to be free from false testimony when Schwebel allegedly

included false information, and unnecessarily omitted pertinent information, in the ESR, and that Schwebel's actions ultimately affected the information included in the police report. Stated another way, Plaintiff is claiming that Schwebel's actions violated his constitutional rights because Schwebel caused the APD to issue a false police report. This Court is therefore tasked with the question of whether Plaintiff has a constitutional right to an accurate police report.

The Fifth Circuit has held that there is no right to a completely accurate police report. Smith v. Patri, 99 Fed. Appx. 497, 2004 WL 180403 (5th Cir. 2004). Further, "[t]he mere existence of falsified police reports do not in and of themselves violate any . . . federal rights." Nowell v. Acadian Ambulance Service, 147 F. Supp. 2d 495, 505 (W.D. La. 2001) (citing Landrigan v. City of Warwick, 628 F.2d 736, 745 (1st Cir. 1980); Comfort v. Town of Pittsfield, 924 F. Supp. 1219, 1230 (D. Me. 1996); White v. Tamlyn, 961 F. Supp. 1047, 1056-67 (E.D. Mich. 1997); Bush v. City of Philadelphia, 1999 WL 554585 (E.D. Pa. 1999)). "[F]alsified police reports are only actionable under § 1983 if those reports result in the deprivation of life, liberty or property." Nowell, 147 F. Supp. 2d at 505 (citing Landrigan, 628 F.2d at 745).

Plaintiff alleges that the ESR was falsely completed because Schwebel wanted to aid the APD in justifying the actions they had already performed on Schwebel, which included placing him under

arrest. Plaintiff has therefore not claimed that the ESR, which allegedly led to the false police report, resulted in his arrest or the deprivation of his life, liberty, or property. As a result, Plaintiff has failed to satisfy the first requirement necessary to bring a valid § 1983 claim (allege the violation of a right secured by the Constitution of the United States) and Schwebel is correct in asserting that it is not plausible that Plaintiff is entitled to relief under § 1983.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Jason Schwebel are hereby **DISMISSED**, with prejudice.

New Orleans, Louisiana, this <u>14th</u> day of <u>   January   </u>, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE