UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FLOYD P. DONLEY                          CIVIL ACTION

VERSUS                                   NO: 09-6422

ALLEN ORDENEAUX ET AL                    SECTION: J(2)

## ORDER AND REASONS

Before the Court is Defendants' **Motion for Summary Judgment (Rec. Doc. 34)** and supporting memoranda, as well as Plaintiff's **Reply Memorandum in Opposition (Rec. Doc. 35).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, Floyd P. Donley, filed this suit, *pro se*, alleging that he had an encounter with officers of the Amite City Police Department and a member of the Tangipahoa Fire Department at Hudson's Dirt Cheap Store ("Hudson's") in Amite, Louisiana. According to Plaintiff, on or about September 24, 2008, he went to the Hudson's to follow-up on contacts he made with the store's main office regarding the Amite location's alleged safety hazards. Plaintiff believed these alleged hazards placed the general public in danger. Plaintiff alleges that when he arrived at Hudson's, he planned to photograph the safety hazards. However, upon his arrival, he was met with resistance from the

store's manager (Velma Hingle), security guard (Allan Spallinger), and other store personnel.  According to witness testimony, Plaintiff was asked to exit the store.  Plaintiff allegedly refused to exit the store and then allegedly struck Hingle and Spallinger.  Plaintiff was then restrained by store personnel while a call was placed to the City of Amite Police Department ("APD"), which dispatched officers to the store.

Officers Allen Ordeneaux, III, Joey Phillips and Sgt. Dominic Cuti, responded to the call.  Plaintiff alleges that Officer Ordeneaux, with the assistance of Officer Phillips and Sgt. Cuti, handcuffed him using excessive force.  Plaintiff also alleges that the officers wrongly deprived him of his constitutional liberties and falsely arrested him for simple battery on Hingle and Spallinger.  Although it is unclear from the pleadings, it appears that a jury found Plaintiff guilty of simple battery for striking Hingle, but found him not guilty on the charges of striking Spallinger.

On September 21, 2009, Plaintiff filed a complaint with this Court, alleging that Defendants' actions were in violation of 42 U.S.C. § 1983.  Defendants have filed the current motion, asking this Court to dismiss Plaintiff's claims on summary judgment.

## PARTIES' ARGUMENTS

Defendants' argue that they are entitled to summary judgment because, according to Defendants, a plaintiff who has been convicted is precluded as a matter of law from suing Defendant

officers for false arrest and excessive force.  Alternatively, Defendants argue that they are entitled to qualified immunity.

Plaintiff, on the other hand, argues that he was not convicted and that qualified immunity does not apply to the facts of this case.

## DISCUSSION

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id.  Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id.  "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory

allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Little, 37 F.3d 1075 (*emphasis* in original)(citations omitted).

To bring a valid § 1983 action, a Plaintiff must (1) allege the violation of a right secured by the Constitution of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Defendants claim that even if Plaintiff can satisfy these requirements, his § 1983 action claims are barred because of his alleged conviction of the underlying charges stemming from his arrest. Nevertheless, Defendants' argument must fail for two reasons.

First, Defendants have not submitted any evidence that indicates that Plaintiff was actually convicted of the underlying charges. Defendants have merely submitted an arrest report and a warrant that was issued for Plaintiff's arrest. Contrarily, Plaintiff has submitted an order stating that the underlying charges were dismissed (Defendants have not submitted any evidence that contradicts this order).

Secondly, in their briefs, Defendants rely on a

misinterpretation of the holding in Heck v. Humphrey, 512 U.S. 477 (1994) and Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996). Defendants correctly assert that according to Heck, § 1983 actions are generally barred in situations when Plaintiff has been convicted of the underlying charge and that conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. However, Defendants fail to acknowledge that the Heck holding goes on to state an exception to this general rule. According to Heck, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id. In other words, Plaintiff should be allowed to proceed with his § 1983 claims if a judgment in his favor would not invalidate his conviction.

This exception applies to this case. Even if Plaintiff was actually convicted of the battery charges, this Court would not be barred from considering his excessive force claims.[1] A determination of whether Defendants used excessive force would not invalidate any outstanding criminal judgment against plaintiff, and therefore, that action would be allowed to

---

[1] The Court would, however, likely be barred from considering his wrongful arrest claim.

proceed.  Heck, 512 U.S. at 487.

Defendants further argue that Plaintiff's claims are barred under Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996).  In Hudson, the Court ordered that a plaintiff's excessive force claims under § 1983 were barred because plaintiff was convicted on the underlying charge of battery on one of the defendant officers.  The facts in Hudson are easily distinguishable from the facts in this matter.  Although here, Plaintiff was also allegedly convicted of battery, that conviction did not relate to any force Plaintiff exerted towards Defendants.  In Hudson the determining factor was that plaintiff was convicted on battery of a defendant officer.  Id.  The Court found that the plaintiff could not maintain his § 1983 action, in which he alleged that the officers used excessive force during the arrest, because self-defense was justification to the crime of battery of an officer and if the Court held that the officers used excessive force while arresting him, it would necessarily imply invalidity of his arrest and conviction for battery of an officer.  Id. at 873.

As stated above, in the current matter Plaintiff was not convicted of battery of an officer, and accordingly, there is no danger that a finding of excessive force under § 1983 would invalidate his conviction.  Therefore, Defendants are incorrect in asserting that this Court is barred from considering Plaintiff's § 1983 claims.

## **Qualified Immunity - Officers Ordeneaux, Phillips and Sgt. Cuti**

Defendants Ordeneaux, Phillips, and Sgt. Cuti (Defendant officers) argue that they enjoy qualified immunity over Plaintiff's claims. "Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S.Ct. 808, 815 (2009); see also James v. Sadler, 909 F.2d 832, 838 (5th Cir. 1990) (stating that qualified immunity "cloaks a police officer from liability if a reasonably competent law enforcement agent would not have known that his actions violated clearly established law"). When determining if qualified immunity exists, a Court considers 1) whether there is an alleged violation of a constitutional right and 2) whether that right was clearly established at the time of Defendants' alleged misconduct. Atteberry v. Nocona General Hosp., 430 F.3d 245, 253 (5th Cir. 2005); but cf. Pearson, 129 S.Ct. 808 (stating that a district court does not necessarily have to examine both prongs of the test).

When a Plaintiff makes claims against a government official, and the government official claims to be entitled to qualified immunity, the Plaintiff bears the burden of overcoming the defense. Bennett v. City of Grand Prairie, 883 F.2d 400, 408 (5th Cir. 1989). Plaintiff has not provided evidence to overcome

Defendant officers' claims of qualified immunity. Defendant officers were called out to Hudson's Amite location to investigate complaints that Plaintiff refused to leave the store. Defendant officers interviewed witnesses and victims, all of whom verified the complaints against Plaintiff. This information was sufficient to give the officers probable cause to arrest Plaintiff. See Gladdin v. Roach, 864 F.2d 1196, 1199 (5th Cir. 1989) ("[p]robable cause to arrest exists when the arresting officer, at time of the arrest, has knowledge sufficient to warrant a prudent man in believing that the person arrested had committed . . . an offense"). Further, a review of the record indicates that Defendant officers' force during the arrest was not excessive. Accordingly, Plaintiff cannot prove that his constitutional rights were violated and therefore, Defendant officers are entitled to qualified immunity.

**Qualified Immunity - Chief Jerry Trabona and Captain Ted Simmons**

Plaintiff alleges that Ted Simmons violated his constitutional rights by refusing to give him a copy of the investigative file from the incident at Hudson's; failing to remove Sgt. Cuti from the police force; and threatening to sue and arrest Plaintiff. Plaintiff also alleges that Chief Jerry Trabona violated his constitutional rights by refusing to give him a copy of the investigative file from the incident at Hudson's and by negligently hiring, retaining, and supervising

Defendant officers.

These claims should be dismissed for the following reasons. First, there is no constitutional right to receive a copy of a police department's investigative files. See State v. Gray, 286 So.2d 644 (La. 1973) (stating the due process clause should not be construed so broadly as to suggest that there is a constitutional right to full unilateral pre-trial discovery of the State's investigative files in favor of the defendant); Moore v. Illinois, 408 U.S. 786 (1972) (stating there is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case). Therefore, Plaintiff cannot assert that any of his constitutional rights were violated when Defendants allegedly refused to give him a copy of the investigative file.

Likewise, Plaintiff cannot assert that any of his constitutional rights were violated when Defendants allegedly threatened to sue or arrest him. As stated by the Fifth Circuit, "[t]hreats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation." Lamar v. Steele, 698 F.2d 1286, (5th Cir. 1983); Citizen Action Fund v. City of Morgan City, 154 F.3d 211, 216 (5th Cir. 1998), rev'd on other grounds, 172 F.3d 923 (5th Cir. 1999).

Lastly, Plaintiff has failed to show that Defendant officers

did not act as reasonable competent law enforcement agents during their interactions with Plaintiff. Therefore, Plaintiff cannot prove that Simmons or Trabona were negligent in hiring or retaining the officers.

## CONCLUSION

**IT IS ORDERED** Defendants' **Motion for Summary Judgment (Rec. Doc. 34)** is hereby **GRANTED** and that all claims against Defendants are **DISMISSED with prejudice.**

New Orleans, Louisiana, this 16th day of July, 2010.

_____
United States District Judge